AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern                         District of                         New York

Charles Joyner

V.

Lall Kumar d/b/a The C-Lab

**SUMMONS IN A CIVIL ACTION**

**08 CIV 6332**

CASE NUMBER:

TO: (Name and address of Defendant)

Lall Kumar d/b/a The C-Lab, 650 Broadway, 2nd Floor, New York, New
York, 10012

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jeffrey M. Gottlieb, Esq., Gottlieb & Associates, 150 East 18th Street,
Suite PHR, New York, New York, 10003

an answer to the complaint which is served on you with this summons, within ____30____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

JUL 1 4 2008

CLERK                                                        DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                    Date                        *Signature of Server*


                              _____
                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CHARLES JOYNER,

Plaintiff,

-against-

LALI KUMAR d/b/a THE C-LAB

Defendant.

-----------------------------------------------------------X

**08 CIV 6332**

**Complaint and
Demand for Jury Trial**

JUL 14 2008

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, through his attorneys, complaining of Defendant, alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself that he is: (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay as well as unpaid wages from Defendant for work performed for which he did not receive compensation for all of the hours worked by him and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2. Plaintiff further complains, on behalf of himself, that he is entitled to back wages from Defendant for overtime work for which he did not receive overtime premium pay as well as unpaid wages from Defendant for work performed for which he did not receive compensation for all of the hours worked by him, as required by New York Labor Law §§650 et seq., including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in this district pursuant to 29 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

6. Plaintiff resides in New York County, New York.

7. Upon information and belief, Defendant, Lali Kumar ("Kumar"), owns and operates the C-Lab.

8. Upon information and belief, Defendant maintains its principal place of business at 650 Broadway, New York, New York, 10012.

9. Defendant, Kumar's, home address is presently unknown to Plaintiff but his business address is 650 Broadway, New York, New York, 10012.

10. Upon information and belief, Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced

for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

11. Each Defendant, either directly or indirectly, has hired and fired Plaintiff; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

## STATEMENT OF THE FACTS

12. Plaintiff performed maintenance and delivery services for the Defendant and was employed by Defendant from on or about June, 2003 until on or about November 3, 2007 (the "time period").

13. Plaintiff's work was performed in the normal course of the Defendant's business and was integrated into the business of Defendant.

14. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

15. Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate as well as unpaid wages from Defendants for work performed for which he did not receive compensation for all of the hours worked by him, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

16. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the Defendant failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

17. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

18. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§206(a) and 207(a).

19. At all relevant times, Defendant employed and/or continued to employ, Plaintiff within the meaning of the FLSA.

20. Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

21. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b). Plaintiff's written consent is attached hereto and incorporated by reference.

22. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to Plaintiff for his hours worked in excess of forty hours per workweek as well as unpaid wages from Defendant for work performed for which he did not receive compensation for all of the hours worked by him.

23. As a result of the Defendant's willful failure to compensate Plaintiff, for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek as well as unpaid wages from Defendant for work performed for which he did not receive compensation for all of the hours worked by him, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215 (a).

24. Upon information and belief, at all relevant times, Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4.

25. As a result of Defendant's failure to record, report, credit, and/or compensate Plaintiff, Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

27. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation as well as unpaid wages from Defendant for work performed for which he did not receive compensation for all of the hours worked by him, an additional amount equal as liquidated damages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

28. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

29. At all relevant times, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§2 and 651.

30. Defendant willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek as well as unpaid wages from

Defendant for work performed for which he did not receive compensation for all of the hours worked by him in violation of the New York Labor Law and its regulations.

31. Defendant's New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

32. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, his unpaid wages, reasonable attorney's fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An award of unpaid overtime compensation and unpaid wages due under the FLSA and the New York Labor Law;

c. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation and wages for all hours worked pursuant to 29 U.S.C. § 216;

d. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation and wages for all hours worked pursuant to the New York Labor Law;

e. An award of prejudgment and post-judgment interest;

- 7 -

f.    An award of costs and expenses of this action together with reasonable

attorneys' and expert fees; and

g.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
        July 9, 2008

Jeffrey M. Gottlieb, Esq.

Gottlieb & Associates
Attorneys for Plaintiff
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my *Lat Kuner*
name and on my behalf to contest the failure of _C Lab, Inc, and John Does_
to pay me overtime wages as required under state and/or federal law and also authorize
the filing of this consent in the action(s) challenging such conduct. I authorize the
representative plaintiffs and designate them class representatives as my agents to make
decisions on my behalf concerning the litigation, the method and manner of conducting
this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys'
fees and costs, and all other matters pertaining to this lawsuit.


Charles Joyner        7/9/08        Charles Joyner
Signature              Date         Print Name